
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS CARRERO BUENO, AKA Sofia Adela Guadarrama Arizmendi,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    16-73268<br><br>Agency No. A088-490-471<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2019[**]
San Francisco, California

Before:  FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Doris Carrero Bueno ("Carrero"), native and citizen of Colombia, petitions

for review of the order of the Board of Immigration Appeals ("BIA") dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.     Substantial evidence supports the BIA's adverse credibility determination based upon Carrero's failure to claim a fear of persecution on any of her previous trips to the United States, despite claims that she was being persecuted by the Fuerzas Armadas Revolucionarias de Colombia ("FARC").[1] *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  Carrero alleges that the FARC began threatening her weekly with regard to her ex-husband's location starting in 2003.  Yet, from 2006 through 2010, Carrero failed to assert that she feared returning to Colombia on any of her trips to the United States.  Notably, she failed to assert a fear of returning to Colombia in 2007 when she admitted to immigration officials that she did not disclose on her visa application that she had children in the United States, and she failed to assert a fear of returning during the subsequent criminal proceedings against her in light of that admission.  Further, when Carrero entered the United States in 2010 using false documents, she denied having a fear

---

[1] The BIA also referenced other inconsistent testimony and Carrero's failure to corroborate her claims to support the adverse credibility finding.  Because we can deny the petition if a single ground is supported by substantial evidence, we do not address the BIA's additional findings.  *See Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011).

of returning to Colombia until her children visited her in detention. Carrero was confronted with the inconsistency, and the IJ reasonably rejected Carrero's explanation for why she failed to assert a fear of returning to Colombia during any of her return trips. *See Rizk*, 629 F.3d at 1088. The record does not compel us to reach a contrary result. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Carrero's claims for asylum and withholding of removal fail.[2] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.      Substantial evidence supports the BIA's determination that Carrero failed to establish eligibility for CAT relief. Because Carrero's CAT claim is based on the same testimony that the IJ found to be not credible, it fails as well. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Carrero points to no other record evidence that the IJ or the BIA should have considered to support her CAT claim. *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

---

[2] Because Carrero's asylum and withholding of removal claims fail, we need not reach the BIA's alternative finding that Carrero failed to establish that the Colombian government is unwilling or unable to control the FARC.